IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AURORA LOAN SERVICES LLC fka AURORA LOAN SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT KIMBALL, GARY R. FREE, JERAD B. PARK, BLAINE L. PARK, FIRST WESTERN MORTGAGE CORPORATION, <br><br> Defendants. | **MEMORANDUM DECISION and ORDER GRANTING FIRST WESTERN MORTGAGE CORPORATION'S MOTION FOR LEAVE TO FILE A CROSS-CLAIM AND THIRD-PARTY COMPLAINT** <br><br> Case No: 2:05-CV-871 DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge David Nuffer |

Defendant First Western Mortgage Corporation (First Western) filed its Motion for Leave to File a Cross-Claim against Scott Kimball, Gary R. Free, Jerad B. Park, and Blaine L. Park (referred to collectively as the Appraisers), and a Third-Party Complaint against Free & Associates, Inc., Defendant Gary Free's company.[1] Appraisers oppose the motion arguing that it is untimely and that First Western has failed to demonstrate "good cause"[2] to allow for the

---

[1] Defendant First Western Mortgage Corporation's Motion for Leave to File a Cross-Claim and Third-Party Complaint (Motion), docket no. 68, filed March 16, 2007.

[2] Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.").

proposed cross-claim and third-party complaint.[3]

The scheduling order in this matter set June 30, 2006 as the deadline to join additional parties and to amend pleadings.[4]  Although other deadlines in the scheduling order have been amended a total of three times, the deadline to join additional parties and to amend pleadings has remained as originally set.[5]  First Western argues that there is "good cause" to allow the proposed cross-claim and third-party complaint because it did not become aware of all the facts underlying its indemnity claims against the Appraisers until the depositions in November 2006.[6]  Shortly thereafter, First Western attempted an informal resolution of the indemnification claims before filing the current motion.[7]

While the motion is indeed untimely according to the parameters of the scheduling order, First Western has provided "some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."[8]  The Tenth Circuit has cautioned that "rigid adherence to the pretrial scheduling order is not advisable"[9] and "total inflexibility is

---

[3]Defendants Scott Kimball, Gary R. Free, Jerad B. Park, and Blaine L. Park's Memorandum in Opposition to Defendant First Western Mortgage Corporation's Motion for Leave to File a Cross-Claim and Third-Party Complaint (Opposition) at 2, docket no. 79, filed April 3, 2007.

[4]Scheduling Order at 2, docket no. 25, filed February 16, 2006.

[5]*See* Third Amended Scheduling Order, docket no. 78, filed April 2, 2007; Second Amended Scheduling Order, docket no. 55, filed November 6, 2006; Amended Scheduling Order, docket no. 47, filed August 30, 2006.

[6]Defendant First Western Mortgage Corporation's Reply Memorandum in Support of Motion for Leave to File a Cross-Claim and Third-Party Complaint (Reply) at 2, docket no. 89, filed April 25, 2007.

[7]*Id*. at 2-3.

[8]*Colorado Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) (discussing good cause standard required under Fed. R. Civ. P. 16).

[9]*Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1519 (10th Cir. 1990).

undesirable."[10]  Moreover, the court has a strong interest in seeing that claims between all parties are resolved sensibly.  It makes little sense to handle some of the parties' disputes and then require a second suit to resolve the rest.

The amendment does not propose to add parties, other than an entity, Free & Associates, Inc., Defendant Gary Free's company.  The amendment will avoid a second (and possibly inconsistent) action by adjudicating the principal and indemnity claims together.  Any delay in amendment has been due to the highly desirable goal of resolving the indemnity claims before opening up Defendants to the hazards of internecine battle.

IT IS HEREBY ORDERED that the Motion for Leave to File a Cross-Claim and a Third-Party Complaint[11] is GRANTED.

DATED this 2nd day of May, 2007.

BY THE COURT:

s/ David Nuffer
David Nuffer
United States Magistrate Judge

---

[10] *Summers v. Missouri Pacific R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment to scheduling order).

[11] Docket no. 68.